## THE LAURADA.

### UNITED STATES v. THE LAURADA.

(Circuit Court of Appeals, Third Circuit. January 2, 1900.)

### No. 2.

NEUTRALITY LAWS—VIOLATION—FORFEITURE OF VESSEL.

To bring an American vessel within the provisions of Rev. St. § 5283, which subjects to forfeiture any vessel fitted out and armed within the limits of the United States, or commissioned within the territory or jurisdiction of the United States, with intent that such vessel shall be employed in violation of the neutrality laws, it must be shown that the employment of the vessel in the prohibited service was pursuant to an intention formed within the limits of the United States; and the formation of such intention after she has left the jurisdiction of the United States, and while she is on the high seas, cannot be construed, because of her nationality, to be within such limits.

Appeal from the District Court of the United States for the District of Delaware.

Lewis C. Vandegrift, for appellant.

Andrew C. Gray and H. H. Ward, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPAT-RICK, District Judge.

DALLAS, Circuit Judge. The court below was asked to condemn and forfeit the American steamship Laurada under section 5283 of the Revised Statutes, which is as follows:

"Sec. 5283. Every person who, within the limits of the United States, fits out and arms, or attempts to fit out and arm, or procures to be fitted out and armed, or knowingly is concerned in the furnishing, fitting out or arming, of any vessel with intent that such vessel shall be employed in the service of any foreign prince or state, or of any colony, district, or people, to cruise or commit hostilities against the subjects, citizens or property of any foreign prince or state, or of any colony, district or people, with whom the United States are at peace, or who issues or delivers a commission within the territory or jurisdiction of the United States, for any vessel, to the intent that she may be so employed, shall be deemed guilty of a high misdemeanor, and shall be fined not more than ten thousand dollars, and imprisoned not more than three years. And every such vessel, her tackle, apparel, and furniture, together with all materials, arms, ammunition and stores, which may have been prepared for the building and equipping thereof, shall be forfeited; one-half to the use of the informer and the other half to the use of the United States."

The case was very thoroughly considered by the district judge. 85 Fed. 760. His opinion contains a statement of the facts, the accuracy of which is conceded, and it deals with the questions of law involved to our entire satisfaction. We adopt his reasoning, and concur in his conclusion.

To render the acts enumerated in this section unlawful, it is requisite that they should be done with intent that the vessel should be employed to cruise, or to commit hostilities, and that intention must be formed within the limits of the United States. There is no evidence whatever from which it could be inferred that at the time the Laurada left this country an intent to employ her for either of these purposes existed, and it is not necessary to decide whether

the landing by her of the expedition on the shore of Cuba was or was not a hostile act, for this was done in pursuance of an intent which was not formed until after the original purpose had been executed; and the theory under which a vessel afloat is, for some purposes, identified with the country to which it belongs, cannot be so applied as to expand the plain and ordinary meaning of the phrase, "within the limits of the United States," as it is used in this statute. The decree of the district court is affirmed.